No. 32,283

LEONA BROWN, *Appellee*, v. WILLIAM BROOKS and CLARENCE BROOKS, *Appellants*.

(51 P. 2d 32)

Opinion filed November 9, 1935.

D. A. Hindman, of Stockton, for the appellants.

D. P. Moyers, W. E. Mahin, both of Norton, and W. A. Barron, of Phillipsburg, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action to quiet title to a tract of farm land. The trial court made findings of fact and rendered judgment for plaintiff. Defendants have appealed and contend the findings of fact do not support the judgment. The evidence is not abstracted.

We shall speak of the parties as they appeared in the trial court. The plaintiff, Leona Brown, is the daughter of the defendant, William Brooks, and the sister of the defendant, Clarence Brooks. The material findings of fact may be summarized as follows: The defendant, William Brooks, a widower, owned and resided upon the real property in question. One day in September, 1927, he went to the home of plaintiff and asked her to accompany him to town, and stated that he wanted to deed to her the land in question, that he had helped his other children and wanted to help her. Together they went to an attorney's office in town, where William Brooks asked the attorney to prepare a general warranty deed conveying the land to plaintiff. This was done. William Brooks executed and acknowledged the deed and asked the attorney to have it placed of record. This was done and the deed returned to William Brooks. Thereafter he took the deed and the abstract of title to the land to plaintiff and delivered both instruments to her personally. There was no agreement in writing, or in parol, to the effect that plaintiff should ever at any time reconvey the land to defendant William

Brooks. After delivering the deed and abstract to plaintiff, the defendant, William Brooks, told her that he had some litigation pending—a fact which plaintiff knew—and that he was hard run for money, and stated that he would like to have the privilege of renting the land in question to his son, Clarence Brooks, and receiving and using for himself the rents from the land. Plaintiff told him that she would give him that right. Thereafter the defendant William Brooks rented the land to Clarence Brooks, who moved upon the premises and occupied and farmed it as a tenant, paying the rent to the defendant William Brooks, who paid the taxes on the land and kept the remainder for his own use. Soon after conveying the land to plaintiff William Brooks went to live with plaintiff, and made his home with her for about two years and nine months, when he became dissatisfied and left and asked plaintiff to reconvey the land to him, which she refused to do. Thereafter William Brooks brought an action against plaintiff to cancel the deed above mentioned and to quiet the title to the land in William Brooks. After all the testimony had been introduced in that case William Brooks moved the court to dismiss that action without prejudice, and that was done. Thereafter the plaintiff in this action, Leona Brown, brought an action against the defendant Clarence Brooks for the forcible detainer of the property. Clarence Brooks filed a pleading in that action to the effect that the title to the real property was in question, whereupon Leona Brown dismissed that action. Thereafter Leona Brown brought this action, making both her father, William Brooks, and her brother, Clarence Brooks, parties defendant. The court specifically found that Clarence Brooks had no interest in the land except his occupancy of it and right to farm it as a tenant.

The petition, drawn under R. S. 60-1801, alleged that plaintiff was the owner and in possession of the real property, describing it, that defendants claim an interest therein adverse to plaintiff, the exact nature of which claim of defendants is not known to plaintiff, but whatever it may be is subordinate and inferior to the title of plaintiff, and asked that the pretended interest of defendants be determined and held to be invalid. The answer was a general denial, except that defendants admitted they claimed an interest in the real property.

The trial court's conclusions of law were to the effect: (1) That

the deed from the defendant William Brooks to the plaintiff is valid and binding and conveys full title to the land to plaintiff; (2) that plaintiff is the owner of the land and in possession of the same, and that by the arrangement between her and the defendant William Brooks and by him with Clarence Brooks, he, Clarence Brooks, became plaintiff's tenant, and that she was in possession of the land through her tenant.

The defendants, as appellants in this court, contend that the findings made by the trial court do not justify the legal conclusion that plaintiff was in possession of the property by a tenant. We think the facts disclose clearly that William Brooks was a tenant at will of the plaintiff, and that Clarence Brooks was nothing more than a subtenant. In 35 C. J. 1122 it is said:

"A permissive occupation of real estate, where no rent is reserved or paid and no time is agreed upon to limit the accupation, is a tenancy at will."

Tenancies at will are recognized by our statute (R. S. 67-501-67-509). There was no finding made by the trial court to the effect that either of the defendants had any interest in the title to the property. Both were tenants.

We find no error in the conclusion of the trial court, and its judgment is affirmed.